UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS BLACK,

    Plaintiff,

v.

DOUG WADDINGTON *et al.,*

    Defendants.

Case No. C08-5643FDB/JKA

ORDER TO SHOW CAUSE

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff was given leave to proceed *in forma pauperis.* Review of plaintiff's proposed complaint discloses a defect.

Plaintiff alleges he was improperly held past his release date. He seeks eight million dollars in damages. Plaintiff does not show or allege he received a ruling in state or federal court that his incarceration was improper. Thus, Plaintiff is seeking damages based on length of time he was incarcerated.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

ORDER
Page - 1

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). Plaintiff is challenging the length of time he was incarcerated. He must obtain relief through Habeas Corpus before proceeding with a damage claim under the Civil Rights Act.

The court is not certain that amendment of the complaint can cure the defect, or that plaintiff can state a claim. Plaintiff should be given the opportunity to show cause or amend the complaint prior to the court issuing a Report and Recommendation that this action be dismissed. Plaintiff is given until **December 5, 2008** to show cause why this action should not be dismissed for failure to state a claim. Plaintiff may either file a response to this motion addressing the issues raised, or he may file an amended complaint that cures the defect discussed above.

If the response or amended complaint do not cure the defect outlined in this order the court will recommend this action be dismissed without prejudice.

The Clerk is directed to send plaintiff a copy of this Order and note the **December 5, 2008**, date on the court's calendar.

DATED this 12 day of November, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2