1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS BLACK,

              Plaintiff,

       v.

DOUG WADDINGTON *et al*.,

              Defendants,

Case No. C08-5643FDB/JKA

REPORT AND
RECOMMENDATION

**NOTED FOR**:
**March 27, 2009**

     This 42 U.S.C. § 1983 Civil Rights has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1,

MJR 3, and MJR 4. Plaintiff brings this action challenging the length of time he was incarcerated. The

court recommends this action be dismissed for failure to state a claim.

FACTS AND LITIGATION HISTORY

     Plaintiff alleges he was improperly held past his release date. He seeks eight million dollars in

damages. Plaintiff does not show or allege he received a ruling in state or federal court that his

incarceration was improper. Thus, Plaintiff is seeking damages based on length of time he was

incarcerated

REPORT AND RECOMMENDATION
Page - 1

DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A.     Length of confinement.

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)). The complaint fails to state a cause of action under 42 U.S.C. § 1983.

Plaintiff alleges he was held past his proper release date. Were plaintiff to prevail, the decision

REPORT AND RECOMMENDATION
Page - 2

1  would call into question the propriety of his incarceration.  Plaintiff must proceed in habeas corpus.  This

2  claim should be **DISMISSED WITHOUT PREJUDICE.**

3        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

4  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.

5  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

6  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

7  directed to set the matter for consideration on **March 27, 2009**, as noted in the caption.

8

9        DATED this 25 day of February, 2009.

10

11                    /S/ *J. Kelley Arnold*
                     J. Kelley Arnold
                     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 3